MANDATE

20-1751-cv
*Byer v. Periodontal Health Specialists*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of August, two thousand twenty-one.

PRESENT:  DENNIS JACOBS,
          ROBERT D. SACK,
          DENNY CHIN,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LACARRIE BYER,

                    *Plaintiff-Appellant,*


          -v-                                    20-1751-cv

PERIODONTAL HEALTH SPECIALISTS OF ROCHESTER, PLLC, ROXANNE LOWENGUTH, DDS, MARY ANN LESTER, DMD, THOMAS ZAHAVI, DMD, DENTAL DIVAS, LLC,
                    *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MANDATE ISSUED ON 08/23/2021

FOR PLAINTIFF-APPELLANT:          WILLIAM G. BAUER (Erin E. Elmouji, *on the brief*), Woods Oviatt Gilman LLP, Rochester, New York.

FOR DEFENDANTS-APPELLEES:          SHARON P. STILLER, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Sessions, *J.*\*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant LaCarrie Byer appeals from a judgment entered May 7, 2020, in favor of defendants-appellees Periodontal Health Specialists of Rochester, PLLC ("PHS"), Dental Divas, LLC ("Dental Divas"), Dr. Roxanne Lowenguth, Dr. Mary Ann Lester, and Dr. Thomas Zahavi (collectively, "defendants"). By opinion and order entered May 6, 2020, the district court granted defendants' motion for summary judgment and dismissed Byer's claims alleging employment discrimination and wage-and-hour violations. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

---

\*       Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation in the Western District of New York.

"We review de novo a district court's grant of a motion for summary judgment." *Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74 (2d Cir. 2016). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). We construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013).

## I.      Timeliness

Byer brings claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the New York Human Rights Law, N.Y. Exec. Law § 296 (the "NYHRL"); the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"); and the New York Labor Law § 650 *et seq.* (the "NYLL"). The district court concluded that Byer's federal law claims (that is, her Title VII and FLSA claims) were time-barred and that her state law claims (that is, her NYHRL and NYLL claims) were time-barred in part.

The district court correctly concluded that Byer's Title VII claims are time-barred. Under Title VII, Byer had 300 days from the date on which she gave notice of her resignation to file a charge of discrimination with the Equal Employment Opportunity Commission, 42 U.S.C. § 2000e-5(e); *see Green v. Brennan*, 136 S. Ct. 1769, 1782 (2016), but she failed to do so, rendering her claims untimely, *see Van Zant v. KLM*

*Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996) ("This statutory requirement is analogous to a statute of limitations.").

The district court erred, however, in concluding that Byer's FLSA claim is time-barred. "The FLSA provides a two-year statute of limitations on actions to enforce its provisions, 'except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014) (quoting 29 U.S.C. § 255(a)). The district court erroneously stated that "Byer[] resigned more than two years before she filed her Complaint," S. App'x at 23, when in fact Byer resigned on November 6, 2015, and filed her complaint on June 23, 2017, less than two years later. Accordingly, the district court erred in holding that Byer's FLSA claim was untimely.[1]

Finally, the district court correctly found that Byer's NYHRL and NYLL claims are timely because such claims are subject to three-year and six-year limitation periods, respectively. *See* N.Y. C.P.L.R. § 214; NYLL § 663. Byer filed her complaint on June 23, 2017, and some of the events she complains of happened in the prior three years.

---

[1]     Byer argues that there are "real and genuine jury issues as to whether or not there is willfulness based on the Defendants' efforts to evade overtime pay by their means and methods of controlling Ms. Byer's time," and therefore the FLSA's three-year statute of limitations should apply to her claim. Appellant's Br. at 17. In light of our conclusion above, we do not reach the willfulness issue.

II.    **Merits**

    A.    <u>Wage-and-Hour Claims</u>

        Byer claims that defendants failed to pay her overtime wages in violation of the FLSA and NYLL.[2]  Specifically, Byer alleges that defendants operated two separate companies -- PHS and Dental Divas -- as a single entity and joint employer, and when Byer's hours working for both companies are combined, they exceed forty hours per week, entitling her to overtime compensation.

        The district court found in favor of defendants on Byer's wage-and-hour claims, concluding that Byer failed to create a triable issue of fact regarding whether PHS and Dental Divas were joint employers.  We agree for substantially the reasons set forth by the district court.

        We have developed three multi-factor tests to guide our determination of whether a joint-employment relationship exists, in each of which we bear in mind that "employment for FLSA purposes [i]s a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances."  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008). Regardless of which test we apply, Byer has failed to set forth evidence that PHS and Dental Divas had the type of economic

---

[2]    Although the district court found that Byer's FLSA claim was untimely, it nonetheless considered the claim on the merits.

relationship needed for a joint-employment claim.[3]  PHS and Dental Divas were independent legal entities that maintained their own books and records and provided different services -- PHS provided periodontal care while Dental Divas provided CT scans to patients from referring doctors, including non-PHS dentists.  While the two entities had some overlap in operations -- *e.g.*, they shared an interior door connecting their offices -- and ownership, this alone is insufficient to create a triable issue of fact on the joint-employer issue in light of the overwhelming evidence to the contrary, as noted above.  In other words, "even where both the historical facts and the relevant factors are interpreted in the light most favorable to [Byer], defendants are still entitled to judgment as a matter of law" on the joint-employer issue.  *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 76 (2d Cir. 2003).  Accordingly, we affirm the district court's dismissal of Byer's FLSA and NYLL claims.

### B.    Discrimination Claims

While Byer's Title VII claims were untimely, her NYHRL claims were timely, as we discussed above.  Therefore, we consider whether Byer set forth sufficient evidence to create a triable issue of fact regarding her state-law discrimination claims,

---

[3]    In March 2020, the Department of Labor (the "DOL") issued a new rule to be used in determining joint-employer status under the FLSA.  29 C.F.R. § 791.2.  In September 2020, a court in the Southern District of New York declared portions of the new rule arbitrary and capricious but held that the rule was severable.  *New York v. Scalia*, 490 F. Supp. 3d 748, 795-96 (S.D.N.Y. 2020).  That case is on appeal.  *New York v. Walsh*, 20-3806 (2d Cir. Nov. 6, 2020).  We need not rule on the DOL's new guidance, as the outcome in this case is the same whether we consider the DOL's joint-employer tests or the tests historically used in this Circuit.

which are subject to the same substantive standards as Title VII claims. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000).

We first note that while Byer fashioned her claims as alleging a "hostile work environment " under New York Law, App'x at 16, the parties and the district court construed Byer's complaint as bringing claims for both hostile work environment and constructive discharge. The standards for those two claims are not the same.

The constructive discharge claim is analyzed under the familiar burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Green v. Town of East Haven*, 952 F.3d 394, 401 (2d Cir. 2020). As a threshold matter, the plaintiff must set forth a *prima facie* case by proffering evidence that (1) she belongs to a protected group, (2) she was qualified for her position, (3) her employer took an adverse action against her; and (4) "the adverse action occurred in circumstances giving rise to an inference of discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). On the third prong, a plaintiff makes a *prima facie* showing of an adverse employment action "if she adduces evidence from which a rational juror could infer that the employer made her working condition, viewed as a whole, so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Green*, 952 F.3d at 405 (internal quotation marks omitted).

The hostile work environment claim is analyzed using a different standard. To survive a summary judgment motion on a hostile work environment

claim, a plaintiff must proffer evidence that the "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Rasparado v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Id.*

The district court concluded that Byer failed to proffer sufficient evidence to establish that she suffered an adverse employment action or that her resignation occurred under circumstances that give rise to the inference of discrimination. We agree and conclude that the district court properly rejected the constructive discharge claim. The district court, however, failed to address Byer's hostile work environment claim under the standard set forth above. The failure to do so was error. Moreover, had it applied the correct standard, it should have concluded that Byer created a triable issue of fact on that claim.

First, as to the constructive discharge claim, we note that within a year prior to her resignation, Byer stated that her "bosses rock," she was part of an "awesome team," she would never work for another periodontist, and Dr. Lowenguth was "good people" and like "family." App'x at 614, 620. Further, Byer decided to resign before

October 1, 2015, and yet she stayed on the job until November 6, 2015, and offered to work an additional week if defendants wanted her to do so, militating against a finding that she felt compelled to resign due to defendants' behavior.  On this record, we agree that no rational juror could infer that a reasonable person in Byer's shoes would have felt compelled to resign.  *See Green*, 952 F.3d at 406.

Second, as to the hostile work environment claim, Byer set forth evidence that Dr. Lowenguth made numerous derogatory and offensive statements, directly and implicitly referring to Byer's race, many of which were made in the three years leading up to Byer's resignation.[4]  For example, Dr. Lowenguth pulled Byer by the necklace and called her "Kunta"; circulated to the office a cartoon depicting Byer as a wild animal; said Byer looked like a "Mammy on the plantation"; told Byer to "talk that talk" to patients of color; brought to the office necklaces that displayed the words "bitch" and "slave" on them; commented that the office should provide Byer with fried chicken for lunch; joked that Byer would have nothing to eat when a restaurant said it had run out of ribs; referred to Byer as a pit bull; and said Byer dressed like the fictional Black character Buckwheat.  App'x at 1378–80 (internal quotation marks omitted).  Crediting this evidence, a reasonable juror could find that defendants' conduct was sufficiently

---

[4]     That some of defendants' misconduct occurred before the statutory time period is of no moment, because it does not matter "that some of the component acts of the hostile work environment fall outside the statutory time period" as long as some of acts fall within it.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

severe or pervasive that a reasonable person in Byer's shoes would feel that it altered the conditions of Byer's employment and created an abusive working environment.  *See Raspardo*, 770 F.3d at 114; *see also Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 84 (2d Cir. 2009) (cautioning against "focusing on a two-year stretch of time in which [plaintiff] fails to allege acts of hostility, and using that time to dilute the strength of his claims based on two discrete periods of more intense harassment").  Further, while there is some evidence in the record that suggests Byer did not find this behavior abusive, there is also some evidence to the contrary.  Accordingly, we vacate the district court's judgment to the extent it dismissed Byer's NYHRL hostile work environment claims.[5]

\*   \*   \*

---

[5]     Byer did not specifically set forth a state-law retaliation claim in her compliant.  To the extent she did assert such a claim, we affirm the district court's dismissal of it for substantially the reasons set forth in its analysis of her Title VII retaliation claim -- that is, (1) Byer did not suffer a constructive discharge, and thus she did not suffer any adverse employment action, which is required to maintain a retaliation claim; and (2) even assuming she did suffer a constructive discharge, there is no evidence in the record that such discharge was precipitated by Byer's complaints.

We have considered Byer's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** in part and **VACATE** in part the judgment of the district court and remand Byer's NYHRL hostile work environment claims for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit